# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**WENDI HOLT,**

  **Plaintiff,**

vs.                  Civ. No. 99-866 JP/LFG

**PROVIDENT AMERICAN INSURANCE CO.,
IRENE SATTERWHITE, and
JOHN CLEAVINGER,**

  **Defendants.**

## MEMORANDUM OPINION AND ORDER OF REMAND

This matter comes before me *sua sponte*. Having reviewed the pleadings filed in this case and the applicable law, I conclude that I lack subject matter jurisdiction and must remand this case to the Fifth Judicial District Court, County of Lea, State of New Mexico.

### Background

Plaintiff Wendi Holt alleges that on March 12, 1998, Defendant Cleavinger approached Plaintiff about purchasing a health insurance policy from Defendant Provident American Insurance, Co. ("Provident"). Defendant Cleavinger told Plaintiff that the policy did not exclude pre-existing conditions. Plaintiff then purchased the Provident policy and canceled her current policy. After receiving assurance from Defendant Satterwhite that pre-existing conditions would not be excluded if Plaintiff produced proof of prior coverage, Plaintiff underwent back surgery. Defendant Provident denied coverage for the surgery on the ground that treatment of "neck, back & spine . . . ." was excluded under Plaintiff's policy.

On July 1, 1999, Plaintiff Wendi Holt filed suit against Defendants in the Fifth Judicial District Court, County of Lea, State of New Mexico asserting claims of misrepresentation, unfair trade practices, breach of contract, unfair insurance claims practices, and negligence and bad faith. Plaintiff requested "damages caused by Provident's misrepresentation," punitive damages against Defendant Provident and Defendant Satterwhite, attorneys' fees and costs, treble damages under the New Mexico Unfair Practices Act against Defendant Provident, damages for Defendant Provident's breach of contract, damages caused by Defendant Provident's unfair insurance claims practices, compensatory and punitive damages against all parties, prejudgment interest, and "such other and further relief to which she may be entitled." However, nowhere in the complaint does Plaintiff quantify her request for damages.

On August 3, 1999, Defendants filed a Notice of Removal under 28 U.S.C. § 1441 alleging diversity jurisdiction under 28 U.S.C. § 1332. In particular, Defendants allege that:

> 6.  Plaintiff's complaint does not specify the damages sought, but Defendants believe the amount claimed is in excess of $75,000.

(Notice of Removal at ¶ 6.).

**Legal Standard**

Federal court jurisdiction is to be strictly construed. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108 (1941). "[T]here is a presumption against removal jurisdiction." *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir.), *cert. denied*, 516 U.S. 863 (1995). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The removing party bears the burden of establishing that removal was properly accomplished. *Id*.

"'A court lacking jurisdiction ... must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking.'" *Laughlin*, 50 F.3d at 873 (citations omitted).

In *Laughlin*, the Court of Appeals for the Tenth Circuit found:

> Neither Laughlin's [complaint] nor Kmart's notice of removal establishes the requisite jurisdictional amount in this case. The [complaint] merely alleges that the amount in controversy is in excess of $10,000 for each of two claims. . . . The notice of removal does not refer to an amount in controversy, although the petition is attached as an exhibit to the notice. . . .
>
> . . . Both the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the [complaint] or the removal notice.

*Laughlin*, 50 F.3d at 873. The Tenth Circuit remanded "to the district court with instructions to vacate its judgment and remand the action to state district court." *Id*. at 874.

**Discussion**

Plaintiff's complaint does not quantify the amount of damages sought. "If it is *unclear* what amount of damages the plaintiff has sought, as is true here with regard to [plaintiff's] claim . . . then the defendant bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Gaus*, 980 F.2d at 566-67 (emphasis in original). The Defendants have failed to meet that burden because their Notice of Removal does not affirmatively establish the requisite amount in controversy–it merely states that Defendants "*believe* the amount claimed is in excess of $75,000." (Compl. at ¶ 6) (emphasis added.) Because Defendants' Notice of Removal fails to set forth the "'underlying facts supporting [the] assertion that the amount in controversy exceeds'" $75,000.00, *Laughlin*, 50 F.3d at 873 (quoting *Gaus,*

3

980 F.2d at 567), I lack subject matter jurisdiction.

I add that I am acutely aware of the conflict between *Laughlin* and the New Mexico Rules of Civil Procedure, which state, "[u]nless it is a necessary allegation of the complaint, the complaint shall not contain an allegation for damages in any specific monetary amount." Rule 1-010(B.) NMRA 1999. This prohibition on alleging specific amounts of monetary damages obviously makes it most difficult, although not impossible, for defendants to remove to federal court under *Laughlin*. Where a plaintiff's state court complaint does not specifically allege the amount of damages sought, a defendant must be sure to allege in the notice of removal the facts supporting the jurisdictional amount. In this case, for example, Defendants might have been able to meet the *Laughlin* burden by alleging the amount of Plaintiff's claimed special damages, including medical expenses, if that amount exceeded $75,000.00.

Although it seems that the Tenth Circuit has applied a hypertechnical standard of pleading, which dictates an unjustly harsh result for those defendants unaware of the *Laughlin* snare, I am constrained to follow *Laughlin*. To do otherwise would violate clearly established Tenth Circuit law and risk putting the parties, and the Court, through the time and expense of resolving this case on the merits only to have the Tenth Circuit determine that I should have remanded the case to state district court in the first place for lack of subject matter jurisdiction.

Because this action was removed, 28 U.S.C. § 1447(c) governs its disposition in this court. That section provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Thus, remand is appropriate in this instance.

IT IS THEREFORE ORDERED that this case is remanded to the Fifth Judicial District Court, County of Lea, State of New Mexico.

_____
UNITED STATES DISTRICT COURT JUDGE